UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOGICAL OPERATIONS, INC.,

                Plaintiff,                           **DECISION AND ORDER**

        v.                                   6:20-CV-06238 EAW

COMPTIA, INC.,

                Defendant.
_____

## INTRODUCTION

Plaintiff Logical Operations, Inc. ("Plaintiff") asserts a claim for breach of contract and further seeks a declaratory judgment against defendant CompTIA, Inc. ("Defendant"). (Dkt. 1). Presently before the Court is a motion by Plaintiff for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 21). For the following reasons, Plaintiff's motion is denied.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint (Dkt. 1) and Defendant's answer thereto (Dkt. 5). The Court has further considered the documents incorporated by reference into the complaint—namely, the contract between the parties and the amendments thereto. (Dkt. 8-1, Exs. 1-4); *see Daniels v. Commissioner of Social Security*, 456 F. App'x 40, 41 (2d Cir. 2012) ("In deciding a motion under Rule 12(c), the district court may consider . . . the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may

be taken.").  As discussed below, the current procedural posture of the case requires the Court to treat all allegations denied by Defendant as false and to draw all inferences in Defendant's favor.

Defendant is a non-profit trade association that issues professional certifications for the information technology industry.  (Dkt. 1 at ¶ 7; Dkt. 5 at ¶ 7).  The parties entered into a Reseller Agreement effective as of March 12, 2018.  (Dkt. 1 at ¶ 9; Dkt. 5 at ¶ 9).  On December 30, 2018, the parties executed a First Amendment to the Reseller Agreement. (Dkt. 1 at ¶ 11; Dkt. 5 at ¶ 11).  The First Amendment added a new Section 10 to the Reseller Agreement, which applied retroactively to March 12, 2018, with a certain exception.  (Dkt. 1 at ¶ 15; Dkt. 5 at ¶ 15).  In particular, Section 10 provides as follows:

10. Sales and Service Contacts.

> a. For CompTIA Courseware Customers, COMPTIA will be the Primary Sales and Service Contact and Logical Operations will be the Secondary Sales and Service Contact.
>
> b. For CompTIA Courseware sold to CompTIA Courseware Customers, Logical Operations shall exclusively: receive all orders, process all orders, manufacture and deliver the CompTIA Courseware in all orders, package and ship all orders, and bill and process payments for all orders without regard to the origin of the order. CompTIA and Logical Operations agree to the following exceptions to the above terms in this Section 10(b) and subject to Section 2.1(a)(ii) for the Revenue Share calculation: that CompTIA may continue to sell, bill, manufacture, and fulfill orders for CompTIA Courseware using CompTIA's online store and its existing partners.

(Dkt. 8-1 at 27-28).

On March 30, 2019, the parties entered into a Second Amendment to the Reseller Agreement.  (Dkt. 1 at ¶ 19; Dkt. 5 at ¶ 19).  The Second Amendment modified the

definition of "CompTIA Courseware" in Section 1.1 of the Reseller Agreement.  (Dkt. 1 at ¶ 20; Dkt. 5 at ¶ 20).  The revised definition was applied retroactively to January 1, 2019, with certain exceptions.  (Dkt. 1 at ¶ 22; Dkt. 5 at ¶ 22).

On September 25, 2019, the parties executed a Third Amendment to the Reseller Agreement that, among other things, extended the term of the Reseller Agreement until December 31, 2023.  (Dkt. 1 at ¶ 24; Dkt. 5 at ¶ 24).

On March 15, 2020, Defendant's Chief Financial Officer, Brian Laffey, sent an email to Plaintiff stating that Defendant had "decided to move away from [Plaintiff] as [Defendant's] sole print fulfillment" and that "[a]ll print products sold though [Defendant] will be manufactured and shipped by an existing [Defendant] partner."  (Dkt. 1 at ¶ 27; Dkt. 5 at ¶ 27).

Plaintiff claims to have been notified that Defendant had contracted a company known as "BFC" to manufacture CompTIA Courseware.  (Dkt. 1 at ¶ 28).  Defendant denies this allegation.  (Dkt. 5 at ¶ 28).  As of March 12, 2018, Defendant did not use BFC for the selling, billing, manufacturing, and fulfilling of CompTIA Courseware orders. (Dkt. 1 at ¶ 29; Dkt. 5 at ¶ 29).  Instead, BFC's historical involvement with Defendant was the production of certain instructional kits that did not meet the definition of CompTIA courseware.  (Dkt. 1 at ¶ 30; Dkt. 5 at ¶ 30).

On the evening of April 8, 2020, Defendant advised Plaintiff that it would cease using Plaintiff as its manufacturer effective at midnight of April 9, 2020, which it did.  (Dkt. 1 at ¶ 33; Dkt. 1 at ¶ 33).

Plaintiff claims to be in compliance with all terms of the Reseller Agreement. (Dkt. 1 at ¶ 36). Defendant denies this claim. (Dkt. 5 at ¶ 36).

## PROCEDURAL BACKGROUND

Plaintiff commenced the instant action on April 13, 2020. (Dkt. 1). Defendant filed its answer on June 15, 2020. (Dkt. 5).

Plaintiff filed the instant motion for judgment on the pleadings on June 26, 2020. (Dkt. 8). Defendant filed its opposition on July 24, 2020, and Plaintiff filed its reply on July 30, 2020. (Dkt. 14).

On August 21, 2020, Plaintiff filed a letter clarifying the relief it was seeking in its motion. (Dkt. 15). With leave of the Court (Dkt. 17; Dkt. 20), Defendant filed a sur-reply on September 24, 2020 (Dkt. 19), and Plaintiff filed a sur-sur-reply on October 22, 2020 (Dkt. 21).

## DISCUSSION

### I.  Legal Standard

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the Court must accept the non-moving party's allegations as true and draw all reasonable inferences in that party's favor." *Banker v. Moulton*, No. 2:08 CV 122, 2013 WL 5945800, at *1 (D. Vt. Nov. 6, 2013). Moreover, "[w]hen, as in this case, a plaintiff moves for

judgment under Rule 12(c) on claims in [its] own pleading, allegations in that pleading that have been denied by the non-moving party are generally deemed to be false." *Id*.

## II.    <u>Plaintiff's Requested Relief</u>

As Defendant notes in its sur-reply, Plaintiff has not been entirely consistent in identifying the relief it is currently seeking from the Court. (Dkt. 18 at 1). In its notice of motion, Plaintiff stated that it was asking the Court to "enter[] judgment on the pleadings (1) declaring that, until December 31, 2023, Logical Operations has the exclusive right to market, license, and distribute all CompTIA Courseware, except in the case when CompTIA employs a 'partner' that it used as of March 12, 2018 to fulfill CompTIA Courseware (that existed as of January 1, 2019), and (2) adjudging that CompTIA's use of BFC breached the Reseller Agreement." (Dkt. 8 at 1). However, in its memorandum of law, Plaintiff asked the Court to "enter partial judgment on the pleadings: (1) declaring that, until December 31, 2023, Logical Operations is the only entity that meets the contractual requirements of the Reseller Agreement to manufacture CompTIA Courseware sold through the CompTIA online store; and (2) adjudging that CompTIA's use of BFC breached the Reseller Agreement." (Dkt. 8-2 at 4). Then, in its letter dated August 21, 2020, Plaintiff clarified that it is seeking the relief contained in its notice of motion— specifically, partial judgment on the pleadings "(1) declaring that, until December 31, 2023, Logical Operations has the exclusive right to manufacture and deliver CompTIA Courseware, except in the case when CompTIA employs a 'partner' that it used as of March 12, 2018 to fulfill CompTIA Courseware (that existed as of January 1, 2019), and (2) adjudging that CompTIA's use of BFC breached the Reseller Agreement"). (Dkt. 15).

In its sur-reply, Defendant takes issue with Plaintiff's clarified request for relief, suggesting that the Court cannot issue a partial judgment pursuant to Rule 12(c).  (*See* Dkt. 18 at 2-3 ("[S]ince [Plaintiff's] request for relief as clarified in its letter is different than the relief request in its claim, [Plaintiff's] motion is not a motion for judgment on its claim at all but rather is, at best, a motion for a determination of an issue.  [Plaintiff] has cited no authority that allows this Court under Rule 12(c) to render a determination of an issue.")).  This argument is without merit.  "Courts are permitted to, and do, grant 12(c) motions for partial judgment on the pleadings."  *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 (KMW), 2011 WL 13257941, at *2 (S.D.N.Y. Jan. 7, 2011); *see also Bradley v. Fontaine Trailer Co.*, No. 3:06-CV-62WWE, 2009 WL 763548, at *3 (D. Conn. Mar. 20, 2009) ("[T]he modern view of rule 12(c) is to permit a motion for partial judgment on the pleadings.").  It is not improper for Plaintiff to ask the Court to reach only some of the issues presented in this litigation.

Further, to the extent that Defendant's contention is that the Court cannot issue a declaratory judgment that differs from the one requested in the complaint, "it is entirely within the discretion of the district court to determine the scope and wording of a declaratory judgment."  *Hastings Dev., LLC v. Evanston Ins. Co.*, No. 14-CV-6203 ADS AKT, 2016 WL 3632708, at *8 (E.D.N.Y. June 29, 2016); *see also LiveIntent, Inc. v. Naples*, 293 F. Supp. 3d 433, 446 (S.D.N.Y. 2018) (on motion pursuant to Rule 12(c), explaining that "[o]nce a court concludes that declaratory relief is appropriate, the precise wording of the decree relates to the form rather than to the propriety of relief" (citation omitted)).  In other words, the Court is not bound by the particular form of declaratory

judgment sought by Plaintiff, and is free to consider whether the pleadings would support a narrower declaratory judgment, such as the one sought in the instant motion. Accordingly, the Court will consider the merits of Plaintiff's request.

## III.   <u>Request for Declaratory Judgment</u>

As noted above, the first form of relief Plaintiff seeks is a declaratory judgment that, until December 31, 2023, Logical Operations has the exclusive contractual right to manufacture and deliver CompTIA Courseware, except in the case when CompTIA employs a partner that it used as of March 12, 2018 to fulfill CompTIA Courseware (that existed as of January 1, 2019). The Court accordingly must consider whether the pleadings, and the documents incorporated by reference therein, establish that issuance of such a declaratory judgment is warranted.

"The Declaratory Judgment Act provides that, 'in a case of actual controversy within its jurisdiction any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126 (2007) (alterations omitted and quoting 28 U.S.C. § 2201(a)). "Courts have consistently interpreted the permissive language of the Declaratory Judgment Act as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist*., 673 F.3d 84, 104 (2d Cir. 2012) (citation and alterations omitted). The Second Circuit has identified five factors that a district court should consider in determining whether to exercise its discretion: (1) whether the judgment

will serve a useful purpose in clarifying or settling the involved legal issues; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used for "procedural fencing" or a "race to res judicata";  (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy.  *Id*.  (citation omitted).

In light of the first two of these factors, courts in this Circuit frequently "decline[] to exercise jurisdiction over a declaratory judgment action that duplicates an available coercive action." *Myers Indus., Inc. v. Schoeller Arca Sys.*, Inc., 171 F. Supp. 3d 107, 122 (S.D.N.Y. 2016).  Accordingly,  "if a claim for declaratory judgment seeks a declaration of the same rights as will be determined under an action for breach of contract," it will generally be dismissed.  *Pers. Watercraft Prod. SARL v. Robinson*, No. 16-CV-9771 (AJN), 2017 WL 4329790, at *11 (S.D.N.Y. Sept. 1, 2017) (citation and alteration omitted); *see also Summit Properties Int'l, LLC v. Ladies Pro. Golf Ass'n*, No. 07 CIV. 10407(LBS), 2010 WL 2382405, at *6 (S.D.N.Y. June 14, 2010) ("The Court of Appeals for the Second Circuit has held that a declaratory judgment action should be entertained (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  Where the declaratory judgment is duplicative of the breach of contract claim, neither of these purposes is served." (quotation and citation omitted)).

Here, focusing its inquiry solely on the pleadings, as it must at this stage of the proceedings, the Court finds that Plaintiff has not borne its burden of demonstrating that a declaratory judgment should be entered.   While the parties agree that there exists a justiciable controversy regarding the scope of Plaintiff's "exclusive right to manufacture CompTIA Courseware sold through the CompTIA online store until December 31, 2023" (Dkt. 1 at ¶ 45; Dkt. 5 at ¶ 45), that does not end the inquiry.  Plaintiff's papers do not even acknowledge the discretionary nature of the declaratory judgment remedy, and accordingly fail to offer any argument as to how the factors discussed above apply in this case.  In particular, Plaintiff has failed to articulate how its declaratory judgment claim is distinct from its breach of contract claim, such that a declaratory judgment would "serve any useful purpose."  *Chiykowski v. Goldner*, No. 19-CV-2272 (AJN), 2020 WL 2834225, at *3 (S.D.N.Y. May 31, 2020); *see also H&H Env't Sys., Inc. v. Evanston Ins. Co.*, No. 6:18-CV-06315 EAW, 2019 WL 1129434, at *6 (W.D.N.Y. Mar. 12, 2019) ("Because the declaratory judgment claim is duplicative of the breach of contract claim, it serves no useful purpose[.]").

To be clear, the Court makes no finding as to whether Plaintiff <u>could</u> establish that entry of a declaratory judgment in this case would serve a useful purpose or that the other factors supporting an exercise of the Court's discretion are satisfied.  The Court merely finds that, on the instant record, Plaintiff has not made such a showing, and the Court accordingly will not enter a declaratory judgment at this time.

IV.     **Breach of Contract Claim**

Plaintiff's second request on the instant motion is that the Court "adjudg[e] that [Defendant's] use of BFC breached the Reseller Agreement." (Dkt. 8 at 1). The Court finds that it cannot grant such relief at this time.

The parties agree that Delaware law governs Plaintiff's breach of contract claim. (*See* Dkt. 8-2 at 5 n.1; Dkt. 12 at 4). Under Delaware law, the elements for a breach of contract claim are "the existence of a contract, the breach of that contract by [the defendant] . . ., and damages resulting from that breach." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 613 (Del. 2003). In this case, the breach claimed by Plaintiff is the use of BFC to manufacture CompTIA Courseware. (Dkt. 1 at ¶ 40).

However, the pleadings—which are the relevant documents on the instant motion— do not actually establish that BFC is manufacturing CompTIA Courseware. Plaintiff alleges in the Complaint that it was "notified that [Defendant] had contracted with" BFC "to manufacture its CompTIA Courseware." (Dkt. 1 at ¶ 28). However, Defendant denies this allegation. (Dkt. 5 at ¶ 28). Plaintiff then alleges that Defendant shifted to its "new manufacturer" effective as of midnight on April 9, 2020, but does not state that the "new manufacturer" is BFC. (*Id*. at ¶ 33). Defendant admits only that it ceased using Plaintiff as its manufacturer at that time. (Dkt. 5 at ¶ 33). Nothing in these admissions by Defendant allows the Court to conclude that BFC is currently manufacturing CompTIA Courseware.

One could argue it is a reasonable inference from the pleadings that BFC is manufacturing CompTIA Courseware. Indeed, Defendant admits that it "claims that it may use BFC to manufacture CompTIA Courseware sold via the CompTIA online store without

violating the Reseller Agreement." (Dkt. 1 at ¶ 44; Dkt. 5 at ¶ 44). But an admission that a party believes it has the right to do something is not the same as an admission that it is actually doing that thing, and on the instant procedural posture, the Court is obligated to draw all inferences in favor of Defendant. *Banker*, 2013 WL 5945800, at *1. The pleadings in this case simply do not allow the Court to conclude that Defendant is using BFC to manufacture CompTIA Courseware. Accordingly, the Court cannot determine as a matter of law that such conduct constitutes a breach of the Reseller Agreement.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       March 23, 2021
             Rochester, New York